IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>LUELLA P. DUNLOP, MELISSA K. EASTON, JOHN D. PROKOP, individually and as Special Administrator of the Estate of Larry L. Prokop, and KUNCL FUNERAL HOME, INC.<br><br>        Defendants. | Case No. 8:16-cv-00540<br><br>**COMPLAINT IN INTERPLEADER** |

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), for its Complaint in Interpleader, states and alleges as follows:

**PARTIES**

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is licensed to do business in the State of Nebraska.

2. Upon information and belief, Defendant Luella P. Dunlap ("Luella Dunlap") is the fiancée of Larry L. Prokop (the "Decedent") and she resides at 818 Aulds Run Rd. Homer City, PA 15748.

3. Upon information and belief, Defendant Melissa K. Easton ("Melissa Easton") is the daughter of the Decedent and she resides at 5336 NW 6th Street Lincoln, NE 68521.

4. Upon information and belief, Defendant John D. Prokop ("John Prokop") is the son of the Decedent and he resides at 409 W Lancaster Avenue De Witt, NE 68341.

5. Upon information and belief, the Estate of Larry L. Prokop (the "Estate") was opened in Jefferson County, Nebraska and John Prokop was appointed the Special Administrator of the Estate.

6. Upon information and belief, defendant Kuncl Funeral Home, Inc. is a Nebraska corporation with its principal place of business in Crete, Nebraska.

## JURISDICTION AND VENUE

7. This is an action for statutory interpleader pursuant to 28 U.S.C. § 1335. On April 2, 1988, MetLife issued Flexible-Premium Life Insurance Policy Number 886431437UL on the life of the Decedent with an original face value of $70,000.00 ("the Policy"), placing at issue in this action an obligation with a value of more than $500. Two or more adverse claimants to the Policy proceeds are of diverse citizenship. MetLife is willing to pay, and hereby tenders to the Court for deposit, the Policy proceeds plus interest as provided by law for distribution as determined by the judgment in this action.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1397, as one or more of the claimants to the Policy proceeds resides in this District.

## CAUSE OF ACTION IN INTERPLEADER

9. MetLife brings this action for interpleader relating to the proceeds payable under the Policy. A true and correct copy of the Policy is attached hereto as Exhibit "A".

10. The Policy states the following regarding beneficiaries:

> Beneficiary – The beneficiary is the person or persons to whom the insurance proceeds are payable when the insured

> dies. You may name a contingent beneficiary to become the beneficiary if all the beneficiaries die while the insured is alive. If no beneficiary or contingent beneficiary is named, or if none is alive when the insured dies, the owner (or the owner's estate) will be the beneficiary. While the insured is alive, the owner may change any beneficiary or contingent beneficiary.
>
> How to Change the Owner of the Beneficiary – You may change the owner, contingent owner, beneficiary or contingent beneficiary of this policy by written notice of assignment of the policy. No change is binding on us until it is recorded at our Designated Office. Once recorded, the change binds us as of the date you signed it. The change will not apply to any payment made by us before we recorded your request. We may require that you send us this policy to make the change.

Exhibit A at 8.

11. At the time the Decedent completed the application for the Policy, he designated his then wife, Catherine Prokop, as the primary beneficiary to receive 100% of the proceeds under the Policy. A true and correct copy of the application for the Policy, excluding medical information, is attached hereto as Exhibit "B".

12. Upon information and belief, Decedent's wife Catherine Prokop predeceased him on May 11, 2004. A true and correct copy of Catherine Prokop's death certificate is attached hereto as Exhibit "C".

13. On or about November 9, 2012, Decedent purportedly executed a change of beneficiary form, designating Melissa Easton, David Prokop (John Prokop) and Luella Dunlap as primary beneficiaries, each receiving equal shares of the benefits under the Policy. A true and correct copy of the November 9, 2012 beneficiary designation is attached hereto as Exhibit "D".

14. On June 28, 2015, Decedent passed away. A true and correct copy of Decedent's death certificate is attached hereto as Exhibit "E".

15. Upon Decedent's death, $70,000.00 became payable under the Policy (the "Policy Proceeds").

16. On or about July 6, 2015, John Prokop was appointed the Special Administrator of the Estate. A true and correct copy of the Court Order is attached hereto as Exhibit "F".

17. On or about July 8, 2015, counsel for John Prokop and the Estate corresponded with MetLife requesting a copy of the most recent beneficiary designation on file and stating that the Decedent told his children that he did not want Luella Dunlap as a beneficiary on his life insurance policy. A true and correct copy of the July 8, 2015 correspondence is attached hereto as Exhibit "G".

18. By claimant statement dated September 29, 2015, Luella Dunlap submitted a claim for the Policy Proceeds. A true and correct copy of the September 29, 2015 claimant's statement is attached hereto as Exhibit "H".

19. On or about November 19, 2015, counsel for the Estate corresponded with MetLife advising that they disputed the validity of Decedent's signature on the November 9, 2012 change of beneficiary designation. A true and correct copy of the November 19, 2015 correspondence is attached hereto as Exhibit "I".

20. By claimant statement dated December 10, 2015, John Prokop submitted a claim for the Policy Proceeds. A true and correct copy of the December 10, 2015 claimant's statement is attached hereto as Exhibit "J".

21. By claimant statement dated December 14, 2015, Melissa Easton submitted a claim for the Policy Proceeds. A true and correct copy of the December 14, 2015 claimant's statement is attached hereto as Exhibit "K".

22. On or about March 21, 2016, counsel for the Estate corresponded with MetLife enclosing a copy of a report from a handwriting expert stating that the signature on the November 2012 change of beneficiary form was not the signature of the Decedent. A true and correct copy of the March 21, 2016 correspondence with enclosures is attached hereto as Exhibit "L".

23. On or about August 5, 2016, John Prokop and Melissa Easton executed funeral assignments in the amount of Twelve Thousand Twenty Two Dollars and Ninety-Five Cents ($12,022.95) (collectively the "Funeral Assignment") with Kuncl Funeral Home. A true and correct copy of the Funeral Assignment with Kuncl Funeral Home is attached hereto as Exhibit "M".

24. On or about August 16, 2016, counsel for the Estate corresponded with MetLife and advised that they have been unable to reach an agreement with Luella Dunlap and requesting that MetLife proceed with an interpleader action. A true and correct copy of the August 16, 2016 correspondence is attached hereto as Exhibit "N".

25. MetLife cannot determine the proper beneficiary(ies) of the Policy Proceeds at issue without risking exposure of itself to multiple liabilities.

26. If the Court determines that the November 9, 2012 beneficiary designation is valid, then the Policy Proceeds would be payable in equal shares to Luella Dunlap, Melissa Easton and John Prokop based upon the November 9, 2012 designation. Kuncl Funeral Home would be due its share under the Funeral Assignment and the

Funeral Assignment would be deducted from Melissa Easton and John Prokop's share of the Policy Proceeds.

27.     If the Court determines that the November 9, 2012 beneficiary designation is invalid, then the Policy Proceeds would be payable in full to the Estate pursuant to the beneficiary provision in the Policy.

28.     As a mere stakeholder, MetLife makes no claim to the Policy Proceeds other than payment of its reasonable attorney's fees and costs in connection with this action.  MetLife therefore respectfully requests that this court determine to whom the Policy Proceeds should be paid.

29.     MetLife is ready, willing, and able to pay the Policy Proceeds, in accordance with the terms of the Policy, in such amounts and to the Court or to whichever Defendant or Defendants the Court shall designate.

WHEREFORE, Plaintiff MetLife demands judgment as follows:

a.      Requiring that the Defendants be ordered to interplead and settle among themselves their respective rights to the Policy Proceeds;

b.      Permitting MetLife to pay the Policy Proceeds into the Registry of the Court;

c.      Restraining and enjoining the Defendants from initiating any other action against MetLife for recovery of the Policy Proceeds or any part thereof;

d.      Dismissing MetLife with prejudice from this action and discharging MetLife from further liability beyond those monies deposited into the Registry of this Court, which represents the Policy Proceeds;

e.      Awarding MetLife its costs and attorney's fees; and

f. Awarding MetLife such other and further relief as this Court deems just, equitable, and proper.

METLIFE REQUESTS PLACE OF TRIAL IN OMAHA.

Dated this 9th day of December, 2016.

        METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff

By:  /s/Steven D. Davidson
     Steven D. Davidson (#18684)
of:  BAIRD HOLM LLP
     1500 Woodmen Tower
     1700 Farnam Street
     Omaha, Nebraska 68102
     Email: sdavidson@bairdholm.com
     Telephone: (402) 344-0500

DOCS/1789829.1