IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>     vs.<br><br>MELISSA K. EASTON,  KUNCL FUNERAL HOME, INC., and JOHN D. PROKOP, individually and as Special Administrator of the estate of Larry L. Prokop;<br><br>          Defendants,<br><br>LUELLA P. DUNLAP,<br><br>          Defaulted Defendant. | **8:16CV540**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendants John D. Prokop's and Melissa Easton's motion for default judgment, Filing No. 21. Prokop and Easton contend that defendant Luella P. Dunlap has failed to plead, even though she was served with process. *See* Filing No. 10 and Filing No. 12. The Clerk of Court entered default on May 22, 2017, pursuant to Fed. R. Civ. P. 55(a). Filing No. 24.

Plaintiff Metropolitan Life Insurance Company ("MetLife") filed this action as a complaint in interpleader pursuant to 28 U.S.C. § 1335. Defendants contend that they are contingent beneficiaries of their father's life insurance policy. On April 2, 1988, MetLife issued Flexible-Premium Life Insurance Policy Number 886431437UL on the life of the decedent, Larry L. Prokop, with an original face value of $70,000.00 ("the Policy").

At the time the decedent completed the application for the Policy, he designated his then wife, Catherine Prokop, as the primary beneficiary to receive 100% of the proceeds under the Policy. Decedent's wife Catherine Prokop predeceased him on May 11, 2004.

On or about November 9, 2012, decedent purportedly executed a change of beneficiary form, designating Melissa Easton, David Prokop (John Prokop) and Luella P. Dunlap as primary beneficiaries, each receiving equal shares of the benefits under the Policy. *See* Filing No. 4, Amended Complaint with attachments.

The Estate of Larry L. Prokop ("the Estate") was opened in Jefferson County, Nebraska and John Prokop was appointed as the Special Administrator of the Estate. Defendants contend that the change of beneficiary form discussed in the amended complaint, supposedly signed by Larry L. Prokop, was in fact not signed by Larry L. Prokop according to an expert in hand writing. Accordingly, John Prokop and Melissa Easton, brother and sister, argue they are entitled beneficiaries under their father's insurance policy.

According to the amended complaint, the defendants contacted MetLife and indicated that their father did not want Luella P. Dunlap as a beneficiary on his life insurance policy. However, on September 29, 2015, Luella Dunlap submitted a claim for the policy proceeds. On November 19, 2015, counsel for the Estate notified MetLife that it disputed the validity of decedent's signature on the November 9, 2012 change of beneficiary designation. On December 10, 2015, John Prokop submitted a claim for the proceeds, and on December 14, 2015, Easton submitted her claim.[1] On or about March 21, 2016, counsel for the Estate corresponded with MetLife enclosing a copy of a report from a handwriting expert stating that the signature on the November 9, 2012 change of beneficiary form was not the signature of the decedent.

The Estate requested that MetLife file this interpleader action. MetLife filed this action and made no claim to the proceeds. *See* Filing No. 4. MetLife has deposited a

---

[1] Both John Prokop and Melissa Easton executed funeral assignments in the amount of Twelve Thousand Twenty Two Dollars and Ninety-Five Cents ($12,022.95) (collectively the "Funeral Assignment") with Kuncl Funeral Home.

check in the amount of $72,380.66 with the Clerk of the Court to be held in an interest-bearing account until further order. *See* [Filing No. 19](), Amended Order. The Court has carefully reviewed the record. The Court finds that Luella P. Dunlap was served on December 23, 2016. *See* [Filing No. 23-1](), Affid. of Lyle Joseph Koenig; [Filing No. 10]() and [Filing No. 12](), Summons and Proof of Service. The Court further finds that Luella P. Dunlap failed to plead or otherwise defend in this action. Accordingly, the Court finds that the motion for default judgment is granted.

THEREFORE, IT IS ORDRED THAT:

1. Defendants Melissa Easton's and John Prokop's motion for default against Luella Dunlap, [Filing No. 21](), is granted.

2. Default judgment is hereby entered in favor of defendants Melissa Easton and John Prokop in the amount of $72,380.66 plus accrued interest.

3. Defendants Melissa Easton and John Prokop shall submit to this Court a proposed order, on or before August 5, 2017, to disburse the funds held by the Clerk's Office.

Dated this 13th day of July, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge